USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-8-26

\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

UNITED STATES OF AMERICA,

-against-

21-cr-0366 (LAK)

JASON CAMACHO,

Defendant.

---------------------------------------- x

**MEMORANDUM AND ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE**

LEWIS A. KAPLAN, *District Judge.*

Defendant pleaded guilty on September 8, 2022, to being a felon in possession of a firearm. This Court sentenced him to principally a term of incarceration of twenty-seven months to be followed by a three-year term of supervised release.[1] He previously had been convicted of criminal possession of a weapon, attempted robbery, and conspiracy to commit armed robbery.[2] He now has completed the term of imprisonment and approximately two years of the term of supervised release. He here moves for termination of the term of supervised release in light of his compliance with its conditions and his success in reentering society.

According to defendant (and undisputed by the government), the supervising probation officer "encouraged the filing of this motion and is in support of [defendant]'s petition for

1 Judgment (Dkt 43).

2 Mem. Endorsement (Dkt 39) at 1.

early termination of supervised release."[3] Defendant currently is on low-level supervision.[4] He has maintained consistent employment, resided at the same address since his release, and attained his GED and some college education.[5] He furthermore serves as the primary caretaker for his aging mother and helps to care for his three children.[6]

The government nonetheless opposes defendant's motion primarily because of defendant's criminal history and the principle that "[e]arly termination of probation is not warranted as a matter of course."[7]

That principle is well and good, but "this at bottom is a discretionary judgment" that necessarily depends on the unique facts and circumstances of this case.[8] Here, those facts and circumstances warrant granting relief. As the Court stated at defendant's sentencing, defendant's record of violence – while serious – was a long time ago, and defendant since has been on a different, law-abiding path. Though defendant strayed off that path on the night of the immediate offense, he by all accounts appears to be back on it. "Insisting on the continuation of [his]

---

3 Mot. (Dkt 47) at 2.

4 *Id.*

5 *Id.*

6 *Id.*

7 Opp'n (Dkt 49) at 2 (quoting *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015)).

8 *See United States v. Skelsky*, No. 2-cr-1087 (LAK), 2006 WL 83333, at *1 (S.D.N.Y. Jan. 12, 2006) (granting termination of supervised release).

supervised release in these circumstances would impose needless costs on the taxpayers to no discernable purpose."[9]

Accordingly, defendant's motion for termination of supervised release (Dkt 46) is granted. Defendant's supervised release is terminated effective September 15, 2026. The Clerk of the Court is directed to terminate Dkt 47 as well.

SO ORDERED.

Dated: September 8, 2026

Lewis A. Kaplan
United States District Judge

9 *Id.*